Ofelia **COLOYAN**, Plaintiff—Appellant,

v.

William P. **BADUA**; Jeffrey Omai; Spencer Anderson; Does 1–10, Fourth Amended Complaint filed 6/30/05—amending Does 1–10 to Does 5–10, Defendants—Appellees.

No. 06–15851.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007.*

Filed Nov. 27, 2007.

Rory Soares Toomey, Esq., Jack F. Schweigert, Esq., Arthur E. Ross, Esq., Honolulu, HI, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Carrie K. Okinaga, James C. Butt, City & County of Honolulu Corporation Counsel, Marie Manuele Gavigan, Office of Corporation Counsel, Kendra K. Kawai, Esq., Honolulu, HI, for Defendants–Appellees.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Ofelia Coloyan appeals the district court's judgment, following a jury trial, in favor of police officers William Badua, Jeffrey Omai, and Spencer Anderson (collectively, "Defendants") in Coloyan's 42 U.S.C. § 1983 action alleging that her constitutional rights were violated when the officers conducted a search of her residence.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We reject Coloyan's argument that the district court erred in refusing to give her proposed jury instruction regarding consent. The jury instructions adequately covered the law of consent. *See United States v. Crapser,* 472 F.3d 1141, 1149 (9th Cir.2007) (reciting the factors to determine whether consent to a search was voluntary); *Jones v. Williams,* 297 F.3d 930, 937 (9th Cir.2002) (reasoning that the jury instructions adequately covered the relevant law). Thus, the district court did not err when it declined to give Coloyan's specific instruction.

Coloyan also contends that the district court erred when it granted Defendants' motion in limine to preclude testimony on a police "code of silence." The district court found that testimony on a "code of silence" was irrelevant, but even if it were relevant, that it should be excluded under Fed.R.Evid. 403. Coloyan maintains that this testimony was relevant because it would have supported her contention that Defendants were lying and that the relevance of the testimony outweighs its prejudice. The motion in limine was properly granted because no foundation was laid and its undue prejudice to Defendants, as well as the likely consumption of time, outweighed its probative value.

Coloyan's final contention is that the district court erred in awarding costs to Defendants. Under Fed.R.Civ.P. 54(d)(1), there is a presumption that the prevailing party will be awarded its costs. *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944–45 (9th Cir.2003). The district court properly considered Coloyan's financial situation and her ability to pay. *See Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir.1999) ("District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."). The district court did not abuse its discretion when it determined that Coloyan had failed to provide sufficient reasons to overcome the presumption in favor of an award of costs.

The judgment of the district court is

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of the case, we do not recite them, except to the extent necessary to aid in understanding this disposition.